```
                                                            FILED
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
              FORT MYERS DIVISION                    2007 JUL 11 AM 11: 15

JORGE L. NIEBLA,                                     U.S. ...
                                                MIDDLE DISTRICT OF FLORIDA
                  Plaintiff,                      FORT MYERS, FLORIDA

vs.                                Case No.   2:07-cv-413-FtM-34SPC

T. REID, Assistant Warden,

                  Defendant.
_____
```

## ORDER OF DISMISSAL WITHOUT PREJUDICE[1]

This matter comes before the Court upon review of Plaintiff's *pro se* civil rights complaint form marked "Emergency" filed pursuant to 42 U.S.C. § 1983 on June 27, 2007 (Doc. #1). Although designated by Plaintiff as an Emergency, after reviewing the Complaint, the Court finds no emergency. Plaintiff, an inmate currently incarcerated within the Florida Department of Corrections at Charlotte Correctional Institute, did not accompany the filing of the Complaint with the requisite $350.00 filing fee or a motion to proceed *in forma pauperis*. Plaintiff has not signed the Complaint as required by Fed. R. Civ. P. 11 and Local Rule 1.05(d), see Complaint at p. 3, nor has he answered the questions contained on the civil rights form as to whether he has availed himself of any of the administrative remedies that are available within the Florida Department of Corrections. See Id. § II, Question A-D. Plaintiff also has not responded to any of the questions

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the pleadings addressed herein and is not intended for official publication or to serve as precedent.

concerning whether Plaintiff has had any previous filings in either state or federal court concerning this same action, Id. at § IV, Question A-C, or whether has had any previous complaints dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted. Id. at Question D.

In the instant case, Plaintiff names T. Reid, the Assistant Warden at Charlotte Correctional as the sole Defendant. Plaintiff claims that he "wrote to the Defendant on June 5, 2007" and has not received a response back. Id. at 8. Plaintiff claims he was "attacked by a roommate" and wants to be placed "alone in a cell." Id. Plaintiff generally claims that he is "in fear" that he may be attacked again because "being in a cell with another inmate 24 hours a day 7 days a week constitute[s] a threat to Plaintiff's safety and well being." Id. It is unclear when Plaintiff was "attacked" and what information Plaintiff provided to, and/or requested of, Defendant.[2] Nonetheless, the Court takes judicial notice of the fact that Plaintiff has previously been deemed a "three striker" by this and other courts.[3] See U.S. District Court, Middle District of Florida, Case Nos. 2:06-cv-644; 2:06-cv-647; 2:06-cv-648; 2:06-cv-653; 2:06-cv-660 and 2:06-cv-405; U.S. District Court, Northern District of Florida, case Nos. 3:05-cv-399; 3:05-cv-433; and, 3:05-cv-489; U.S. District Court, Southern District

---

[2] Plaintiff, in case no. 2:07-cv-405 filed on June 15, 2007, claimed constitutional violations stemming from Plaintiff being placed on close management 1 status and sought, as relief, to be released from from close management status.

[3] 28 U.S.C. § 1915(g).

of Florida, Case Nos. 0:02-cv-60676; 9:02-cv-81055; and 1:01-cv-4326.[4] Consequently, it would be futile to direct Plaintiff to file an amended complaint to cure the aforementioned defects and/or submit an affidavit of indigence so that the Court could determine whether Plaintiff should be permitted to proceed in forma pauperis.

In light of Plaintiff's "three strike" status, and since the Court finds that Plaintiff is not under imminent danger of serious physical injury, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the $350.00 filing fee in its entirety at the time of filing.

ACCORDINGLY, it is hereby **ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice.**

2. The **Clerk of Court shall**: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 10th day of July, 2007.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

---

[4] Although Plaintiff did not provide a response to whether he has initiated any actions in federal court that have been dismissed as frivolous, malicious, or for failure to a state a claim upon which relief may be granted, the Court takes judicial notice of the U.S. Party/Case Index, which reflects that, to date, Plaintiff has filed over 90 cases in federal court concerning the conditions of his confinement. See http://pacer.uspci.uscourts.gov.